### UNITED STATES v. WOOD.

(Circuit Court, E. D. Virginia.   February 15, 1898.)

CUSTOMS DUTIES—VALUATION—MARKET VALUE—OATS IN BAGS.
    In determining the market value of an article purchased abroad in usual coverings, such as oats in bags, the customs administrative act of June 10, 1890, requires (section 19) that the value of the article as a whole, including the covering, shall be taken, though the covering, if separately imported, would be free of duty.

This was an appeal from a decision of the board of general appraisers reversing the action of the collector of the port of Richmond in respect to the amount of duty assessed upon certain oats imported in bags.

B. Rand Wellford, Ass't U. S. Atty., and Walter A. Donaldson, for the United States.

SIMONTON, Circuit Judge.   In the matter of the application of the collector of customs, Richmond, Va., for review of the decision of the board of United States general appraisers rendered January 13, 1897 (G. A. 3,769), upon protest 29,453b, of T. W. Wood & Sons, against the decision of said collector as to the amount of duty exacted upon certain oats, in sacks, imported per steamship Shenandoah and Durham City, entered December 3, 1895, and January 10, 1896, respectively.   This case comes up on the application of Charles M. Wallace, Esq., collector for the port of Richmond, praying a review of a decision of the board of United States general appraisers.   On 3d December, 1895, T. W. Wood & Sons imported, through Richmond, white oats, from Atherstown, England, contained in 56 bags, made of burlaps.   On 10th January, 1896, the same firm imported, through Richmond, oats of the same kind, and for the same place, in 250 bags made of burlaps.   Under paragraph 190 of the tariff act then in force (Act 1894; 28 Stat. 522), the duty on oats is fixed at 20 per cent. ad valorem.   The collector, in assessing this value, included the cost of the bags.   The importers protested against this action, and the matter came before the board of general appraisers, who found that the merchandise consisted of oats in burlaps bags (that is to say, "bags for grain made of burlaps," within the meaning of that phrase as used in paragraph 424½ of the act of 1894); that this paragraph includes such bags in the free list.   And the board held that coverings of imported goods, which are usual and necessary coverings, and which are made free of duty by specific enumeration, eo nomine, are not assessable for duty, but are exempt from duty under the free list which particularly describes them; that this specific description takes such coverings out of the provisions of the customs administration act of June 10, 1890, § 19 (26 Stat. 131).   The application of the collector brings this decision here for review.

The law in force at the dates of these importations required a duty to be assessed on them of 20 per cent. ad valorem.   The question with the collector therefore was, what was the value of the 56 bags of oats in the first importation, and of the 250 bags of oats in the second importation?   How was he to get at the ad valorem?   The

customs administration act was designed to simplify the laws in relation to the collection of revenue. It is a guide and direction to the officers of the government concerned with the customs. It lays down general principles which control in the application of tariff acts. Among other things, it gives instructions how ad valorem duties are to be assessed, in these words:

"Sec. 19. That whenever imported merchandise is subject to an ad valorem rate of duty, or to a duty based upon or regulated in any manner by the value thereof, the duty shall be assessed upon the actual market value or wholesale price of such merchandise as bought and sold in usual wholesale quantities, at the time of exportation to the United States, in the principal markets of the country from whence imported, and in the condition in which such merchandise is there bought and sold for exportation to the United States, or consigned to the United States for sale, including the value of all cartons, cases, crates, boxes, sacks, and coverings of any kind, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, and if there be used for covering or holding imported merchandise, whether dutiable or free, any unusual article or form designed for use otherwise than in the bona fide transportation of such merchandise to the United States, additional duty shall be levied and collected upon such material or article at the rate to which the same would be subject if separately imported. That the words 'value' or 'actual market value' whenever used in this act or in any law relating to the appraisement of imported merchandise shall be construed to mean the actual market value or wholesale price as defined in this section."

So, when the collector was called upon to fix the duty on these bags of oats, he estimated the value of each bag as it was in the condition in which it was packed ready for shipment to the United States, and in which it arrived. What was the bag of oats worth? Naturally and necessarily, under the exigency of the act of congress, he estimated the value of each bag as a whole; that is to say, the value of the contents and of the covering. It is supposed, however, that inasmuch as burlaps, and bags for grain, made of burlaps, are on the free list, these bags should have been admitted free of duty. But the collector was not estimating the value of an importation of burlaps, nor of bags for grain, made of burlaps. He was estimating ad valorem oats in bags. He was ascertaining its value at its place of exportation, in the condition in which it was exported. And surely the fact that it was put into bags, handled in bags, and exported in bags, gave to the merchandise a value measured by its own inherent value plus the cost of the bags. The collector was estimating the value of a compound article,—oats in bags. As was well said in argument, the question was not one of the proper rate of duty, but peculiarly one of the dutiable value of the article imported,—oats in bags. The rulings of the board of general appraisers in the matter of the protest of Willer and Van Winkle, 28th October, 1892, based on facts very similar to the facts in this case, address themselves to the approval of the court. The decision was as to the dutiable value of certain strips of forms of steel, brought into the United States in coal oil barrels of American manufacture. The importer claimed that the value of the barrels should not be included in the dutiable value. The board say:

"The merchandise in question is subject to a duty regulated by the value thereof, and the barrels were purchased and used as coverings therefor. It

is not deemed material by us to inquire if, as alleged by the appellants, the barrels would have been entitled to free entry if imported empty. The facts justify us in holding that the collector committed no error in adding the invoice value of the barrels, together with the cost and expenses of placing the merchandise in condition, packed ready for shipment to the United States, to the value of the steel, in the ascertainment of its dutiable value. The protest is overruled, and the collector's decision is affirmed."

The collector in the case at bar committed no error. The finding of the board of United States general appraisers is reversed, and the ruling of the collector is sustained.